UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVON WINSTON COLLEY,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br><br>Respondent. | Case No. 1:25-cv-00082-CDB (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 3) |

Petitioner Jovon Winston Colley ("Petitioner"), a federal detainee, proceeds pro se and *in forma pauperis* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1). Pending before the Court is Petitioner's motion seeking Court appointment of counsel. (Doc. 3). In support of his motion, Petitioner advances the following grounds: (1) he has a strong chance of success on the merits as explained in his petition for writ of habeas corpus (Doc. 1) and (2) the legal issue brought in his petition pertaining to immigration detention is complex such that he would have great difficulty presenting the case without the assistance of counsel. (*Id.* at 2).

**Governing Legal Standard**

There is no constitutional right to counsel in federal habeas proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). However, the Criminal Justice Act 18 U.S.C. § 3006A, authorizes the Court to appoint counsel for a financially eligible person who seeks relief under § 2254 when the "court determines that the

interest of justice so require." (*Id*. at § 3006A(a)(2)(B)); *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the Court to appoint counsel: (1) where discovery is authorized on a showing of good cause and counsel is deemed "necessary" to facilitate effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted for the disposition of a petition. *See* Habeas Rules 6(a) and 8(c).[1]

**Discussion**

The Court finds Petitioner has not demonstrated that appointment of counsel is necessary or warranted at this early stage of proceedings. The case is still undergoing screening, and a case record has not yet been developed. Furthermore, Petitioner has not shown any exceptional circumstances that warrant the appointment of counsel at this stage. Petitioner's proffered difficulty in presenting this case without the assistance of counsel is shared with many other habeas petitioners. Petitioner was able to file his habeas petition without the aid of counsel. Although Petitioner asserts that this case involves a complex legal issue, the Court notes that the types of trial court rulings and immigration detention issues implicated in this case are not unusual in habeas proceedings. Therefore, the circumstances of this case do not indicate that appointed counsel is necessary or that failure to appoint counsel necessarily would implicate due process concerns.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for appointment of counsel (Doc. 3) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:    **January 23, 2025**                    _____
                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] The Rules governing 28 U.S.C. § 2254 cases in the United States Courts are appropriately applied to proceedings pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).