UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVON WINSTON COLLEY,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br><br>    Respondents. | No. 1:25-cv-00082-CDB (HC)<br><br>ORDER DENYING PETITIONER'S MOTIONS FOR IMMEDIATE RELEASE<br><br>(Docs. 14, 17, 18)<br><br>ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO COMPLY WITH LOCAL RULES AND TO OBEY A COURT ORDER<br><br>(Doc. 13)<br><br>**14-DAY DEADLINE** |

    Petitioner Jovon Winston Colley ("Petitioner"), a federal detainee, proceeds pro se and *in forma pauperis* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 on January 17, 2025. (Doc. 1). According to his pleadings, Petitioner is in custody of the Immigration and Customs Enforcement ("ICE") at the Golden State Annex, located in McFarland, California. (*Id.*).

**Relevant Background**

    Following a preliminary review of the petition and finding that it is not clear from the face of the petition whether Petitioner is entitled to relief, on January 24, 2025, the Court ordered Respondents to file a response to Petitioner's petition within 60 days of the date of service of the order. (Doc. 7). Respondents timely filed a motion to dismiss the petition on March 25, 2025.

(Doc. 9).

In a filing dated April 2, 2025, and docketed by the Clerk of the Court on April 7, 2025, Petitioner complained that he had not received a response from Respondents nor this Court regarding his pending habeas petition. (Doc. 10). The Court responded with an order summarizing the procedural posture noted above and provided that "[g]iven the procedural chronology of the relevant filings, the Court expects Petitioner in all likelihood has received service of Respondents' motion to dismiss by the time he receives service of this order." (Doc. 11, the "April 10 Order"). The Court ordered that "[i]n the event Petitioner has not received service of a copy of Respondents' motion to dismiss by the time he receives service of this order, Petitioner may file a status report with the Court explaining the circumstances regarding the failure to receive a copy of the motion." (*Id.*). Additionally, presuming Petitioner received Respondents' motion to dismiss, the Court extended Petitioner's time to file an opposition to Respondents' motion to dismiss by 21 days from the date of service of the order. (*Id.*).

After Petitioner filed a status report representing that he received the Court's April 10 Order but that he has "still not received a response from the Respondents[,]" (Doc. 12 at 1), on April 23, 2025, the Court ordered Respondents to serve a copy of their motion to dismiss on Petitioner and promptly file proof of service thereof. (Doc. 13 at 3). The Court further ordered Respondents to undertake reasonable and good faith efforts to investigate whether, prior to the date of the order, Respondents' motion to dismiss was received by the facility housing Petitioner, and to file a status report attesting to the efforts they undertook to discover the location of the service copy of Respondents' motion to dismiss and the results of their investigation. (*Id.*). Petitioner was ordered to file his opposition within 30 days from the date of Respondents' service of the motion to dismiss. (*Id.*).

On May 5, 2025, Respondents filed the investigative status report in response to the Court's order. (Doc. 16). Respondents represent that "personnel from the Golden State Annex reported that the motion to dismiss and response had not been received" and that "there is no clear answer" why the motion to dismiss and response were not received at Golden State Annex as addressed to Petitioner. (*Id.* at 1, 2). That same day, Respondents filed a certificate of re-service by certified

2

mail, representing therein that its motion to dismiss and response was served on Petitioner at his current address on May 2, 2025, making Petitioner's opposition/traverse to the pending motion due on June 4, 2025. (Doc. 15); *see* Fed. R. Civ. P. 6(d) (additional three days following service).

### Order Denying Petitioner's Motions for Immediate Release (Docs. 14, 17, 18)

Pending before the Court is Petitioner's motions for immediate release, filed on April 29, 2025, May 5, 2025, and May 19, 2025. (Docs. 14, 17, 18). Petitioner represents that on April 21, 2025, the date of his first motion, he has "still yet to receive" Respondents' response to the habeas petition[.]" (Doc. 14 at 1). Petitioner therefore requests the Court grant his habeas petition and "order the Respondents to release [him] within [seven] days." (*Id.* at 2). Petitioner's second motion, dated May 2, 2025, reasserts his request for immediate release and represents that he "has still not received a response from Respondents[.]" (Doc. 17 at 1). In his third motion dated May 13, 2025, Petitioner reasserts his request for release. (Doc. 18 at 3).

As noted above, Respondents' May 5, 2025, certificate of re-service (Doc. 15) reflects service of Respondents' motion to dismiss upon Petitioner on May 2, 2025. Accordingly, Petitioner's opposition was due "[w]ithin 30 days from the date of Respondents' service of the motion to dismiss[,]" *i.e.*, no later than June 4, 2025. (Doc. 13 at 3); *see* (Doc. 15); Fed. R. Civ. P. 6(d). Thus, Petitioner's motions for immediate release are denied.

### Order to Show Cause

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*,

3

779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Petitioner's opposition/traverse or statement of non-opposition to Respondents' pending motion to dismiss was due on or before June 4, 2025. Petitioner has failed to file either a traverse or statement of non-opposition to the pending motion, and the time to do so has now passed.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motions for immediate release (Docs. 14, 17, 18) are DENIED; and

2. Petitioner is ORDERED to show cause in writing **within 14 days** of the date of service of this order why sanctions should not be imposed for his failure to comply with the Court's order and the Local Rules, as set forth herein,  Alternatively, Petitioner may comply with this order by filing by that same deadline either an opposition/traverse or a statement of non-opposition to the pending motion to dismiss filed on March 25, 2025 (Doc. 9) and re-served upon Petitioner on May 2, 2025 (Doc. 15). **Any failure by Petitioner to timely respond to this Order may result in the recommendation that this action be dismissed, without prejudice, for Petitioner's failure to comply with the Local Rules and to obey a court order.**

IT IS SO ORDERED.

Dated:   **June 20, 2025**                                    _____
                                                              UNITED STATES MAGISTRATE JUDGE