UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVON WINSTON COLLEY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br><br>　　　　　Respondents. | No. 1:25-cv-00082-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUIDCE (1) FOR PETITIONER'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS AND LOCAL RULES, AND (2) AS MOOT FOLLOWING PETITIONER'S RELEASE FROM CUSTODY<br><br>(Doc. 19)<br><br>**14-DAY OBJECTION PERIOD**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Petitioner Jovon Winston Colley ("Petitioner"), a federal detainee, proceeds pro se and *in forma pauperis* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 on January 17, 2025. (Doc. 1). According to his pleadings, Petitioner was in custody of the Immigration and Customs Enforcement ("ICE") at the Golden State Annex, located in McFarland, California. *Id.*

**Background**

Following a preliminary review of the petition and finding that it is not clear from the face of the petition whether Petitioner is entitled to relief, on January 24, 2025, the Court ordered Respondents to file a response to Petitioner's petition within 60 days of the date of service of the order. (Doc. 7). Respondents timely filed a motion to dismiss the petition on March 25, 2025.

1

(Doc. 9).

In a filing dated April 2, 2025, and docketed by the Clerk of the Court on April 7, 2025, Petitioner complained that he had not received a response from Respondents nor this Court regarding his pending habeas petition. (Doc. 10). The Court responded with an order summarizing the procedural posture noted above and provided that "[g]iven the procedural chronology of the relevant filings, the Court expects Petitioner in all likelihood has received service of Respondents' motion to dismiss by the time he receives service of this order." (Doc. 11, the "April 10 Order").

Thereafter, Petitioner filed a status report representing that he received the Court's April 10 Order but that he has "still not received a response from the Respondents." (Doc. 12 at 1). Accordingly, on April 23, 2025, the Court ordered Respondents to serve a copy of their motion to dismiss on Petitioner and promptly file proof of service thereof. (Doc. 13 at 3). The Court further ordered Respondents to undertake reasonable and good faith efforts to investigate whether, prior to the date of the order, Respondents' motion to dismiss was received by the facility housing Petitioner, and to file a status report attesting to the efforts they undertook to discover the location of the service copy of Respondents' motion to dismiss and the results of their investigation. *Id.* Petitioner was ordered to file his opposition within 30 days from the date of Respondents' service of the motion to dismiss. *Id.*

On May 5, 2025, Respondents filed the investigative status report in response to the Court's order. (Doc. 16). Respondents represent that "personnel from the Golden State Annex reported that the motion to dismiss and response had not been received" and that "there is no clear answer" why the motion to dismiss and response were not received at Golden State Annex as addressed to Petitioner. *Id.* at 1, 2. That same day, Respondents filed a certificate of re-service by certified mail, representing therein that its motion to dismiss and response was served on Petitioner at his current address on May 2, 2025, making Petitioner's opposition/traverse to the pending motion due on June 4, 2025. (Doc. 15); *see* Fed. R. Civ. P. 6(d) (additional three days following service).

Following Petitioner's failure to timely file an opposition/traverse or statement of non-

opposition to Respondents' pending motion to dismiss, on June 20, 2025, the Court denied Petitioner's motions for immediate release (Docs. 14, 17, 18) and ordered Petitioner to show cause in writing within 14 days of the date of service of the order why this action should not be dismissed for his failure to comply with Local Rules and to obey a court order (*i.e.*, to timely file an opposition to Respondents' motion). (Doc. 19). Petitioner was provided the opportunity to comply with the order to show cause in the alternative by filing by that same deadline either an opposition/traverse or a statement of non-opposition to the pending motion to dismiss. *Id.* at 4. Petitioner was forewarned that "**[a]ny failure by Petitioner to timely respond to this Order may result in the recommendation that this action be dismissed, without prejudice, for Petitioner's failure to comply with the Local Rules and to obey a court order**." *Id.*

On July 7, 2025, the mailing of the order to show cause (Doc. 19) was returned as undeliverable with the docket noting Petitioner has been released and is no longer in custody. *See* Dkt. 7/07/2025. As more than 14 days have elapsed following the entry of the order to show cause, and given Petitioner's release from custody, the undersigned issues the following findings and recommendations to dismiss Petitioner's petition for failure to prosecute and to obey court orders and, separately, on the grounds of mootness.

**Governing Legal Standards**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply

with local rules).

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if the petitioner fails to comply with a court order. Fed. R. Civ. P. 41(b). "By its plain text, a Rule 41(b) dismissal . . . requires a court order with which an offending [petitioner] failed to comply." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (internal quotation marks, citation, and footnote omitted). The Court must analyze five factors before dismissing a case pursuant to Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [respondents]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id*. (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Here, Petitioner has failed to comply with the Court's orders and Local Rules. Petitioner has filed no response to the Court's order to show cause nor has he either filed an opposition/traverse or statement of non-opposition to Respondents' pending motion to dismiss, and the time to do so has passed. There are no other reasonable alternatives available to address Petitioner's failure to respond and otherwise obey this Court's numerous orders to file a response to Respondents' pending motion to dismiss. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Respondents, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Petitioner's participation to prosecute the case by filing his opposition/traverse or statement of non-opposition to Respondents' motion to dismiss his habeas petition. The

presumption of injury holds given Petitioner's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Respondents—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Petitioner has not moved this case forward toward disposition on the merits. He has instead failed to comply with this Court's orders and the Local Rules and is thus impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's order to show cause, requiring a response from Petitioner, cautioned: "**Any failure by Petitioner to timely respond to this Order may result in the recommendation that this action be dismissed, without prejudice, for Petitioner's failure to comply with the Local Rules and to obey a court order.**" (Doc. 19 at 4) (emphasis in original). Petitioner was adequately forewarned that the failure to timely respond to the show cause order either directly or in the alternative with the timely filing of a response to the pending motion to dismiss could result in terminating sanctions.

Because Petitioner has failed to comply with this Court's orders and Local Rules, and in so doing is failing to prosecute his case, the undersigned will recommend dismissal of this action without prejudice.

In addition, the undersigned finds that given Petitioner's release from custody at the Golden State Annex, the Court is unable to grant him the relief he seeks, *i.e.*, for an order of immediate release from custody, and his petition is moot. (Doc. 1 at 2 ¶¶ 4, 5); *see Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997) (release of a prisoner moots a habeas corpus case); *Johnson v. Matevousian*, 745 Fed. Appx. 780, 781 (9th Cir. 2018) (same). Accordingly, the

undersigned recommends the petition must be dismissed on mootness grounds.

**Conclusion, Order, and Recommendation**

For the foregoing reasons, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this action and **RECOMMENDS** that:

1. This action be DISMISSED WITHOUT PREJUDICE (1) for Petitioner's failure to prosecute this case and to comply with a court order and the Local Rules, and (2) because Petitioner's petition is moot following his release from custody; and

2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **July 9, 2025**

UNITED STATES MAGISTRATE JUDGE